UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ZACHARY MORGAN
on behalf of himself and all
others similarly situated,

              Plaintiff,

       v.

LINDUS CONSTRUCTION, INC.
879 U.S. Highway 63
Baldwin, Wisconsin 54002

           Defendant

Case No. 19-cv-027

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R. Civ. P. 23, by Plaintiff, Zachary Morgan, on behalf of himself and all other similarly situated current and former hourly-paid, non-exempt Laborer, Technician, Foreman, and Crew Leader employees of Defendant, Lindus Construction, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant, Lindus Construction, Inc., is a privately owned construction company headquartered in Baldwin, Wisconsin that provides construction, remodeling, siding, roofing, decking, and gutter services primarily in the States of Minnesota and Wisconsin.

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader for all hours worked and work performed each workweek, including at an overtime rate of pay, by: (1) failing to compensate said employees for compensable travel time during the work day; and (2) failing to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary rewards, in said employees' regular rates of pay for overtime calculation purposes.

4.     Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed, including but not limited to at the correct and lawful overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8.     Defendant is a Baldwin, Wisconsin-based construction company with a principal office address of 879 U.S. Highway 63, Baldwin, Wisconsin 54002.

9.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant operated its business from its corporate headquarters in Baldwin, Wisconsin – which was commonly known to Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader as Defendant's "Shop."

10.     Defendant's registered agent for service in the State of Wisconsin is Kevin P. Lindus, with an address of 879 U.S. Highway 63, Baldwin, Wisconsin 54002.

11.     For purposes of the FLSA, Defendant is an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12.     For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff is "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

13.     Plaintiff, Zachary Morgan, is an adult male resident of the State of Wisconsin residing at 2995 County Road N, Apartment 4B, Wilson, Wisconsin 54027.

14.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

15.     Plaintiff worked as a non-exempt, hourly employee at Defendant in the positions of Laborer and Foreman within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

16.     Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader who work at, worked at, and/or were employed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader were subject to Defendant's same unlawful policies as enumerated herein.

17.     Plaintiff and all other current and former hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader on whose behalf Plaintiff brings this Complaint performed compensable work in the same or similarly-titled positions at Defendant's direction and/or with Defendant's knowledge.

18.     Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader.

19.     Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader.

20.     Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader.

21.     Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader abided in the workplace.

22.     Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader.

23.     Defendant established Plaintiff's work schedules and the work schedules of all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader.

24.     Defendant provided Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader with work assignments and hours of work.

25.     Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader were tracked and recorded by Defendant.

**GENERAL ALLEGATIONS**

26.     On or about May 15, 2017, Defendant hired Plaintiff into the position of Laborer.

27.     In approximately August 2017, Defendant promoted Plaintiff to the position of Foreman.

28.     On or about September 26, 2018, Plaintiff's employment with Defendant ended.

5

29.     During Plaintiff's employment with Defendant, Plaintiff performed compensable work as an hourly-paid, non-exempt employee earning between $14.00 and $18.00 per hour.

30.     The vast majority of Defendant's employees during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) were hourly-paid, non-exempt employees employed in the positions of Laborer, Technician, Foreman, and/or Crew Leader.

31.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader often worked at least and/or in excess of five (5) days per workweek.

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader often worked in excess of forty (40) hours per workweek.

33.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader often worked approximately forty-five (45) to sixty-five (65) hours per workweek.

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader weekly via check.

35.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

36.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader.

37.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader with a written "Company Manual."

38.     Defendant's "Company Manual" contained the terms and conditions of employment for Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader.

39.     Defendant's "Company Manual" contained the company-wide, uniform policies applicable to Plaintiff's employment and the employment of all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader.

40.     Defendant's "Company Manual" contained the company-wide, uniform policies applicable to its hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader, including Plaintiff, relating to hours worked, work performed, timekeeping, recordkeeping, and compensation.

41.     Defendant's "Company Manual" contained a "Working Overtime" policy that stated, in part: "Overtime, for hourly employees, is defined as hours worked in excess of 40 hours based on a Monday through Sunday workweek."

42.     Defendant's "Company Manual" contained a "Vehicle Policy" that stated, in part: "Operations of all company-owned vehicles are strictly for business-related activities and not for personal use."

43.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader with a written "Drive Time Policy," which stated, in part, that Defendant "…has GPS units in all vehicles to review [employees'] recorded times for verification and timekeeping procedures…"

44.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader with a written "Drive Time Policy," which stated, in part, that Defendant would not compensate employees for "Driving from home and picking up rider at rideshare and driving to jobsite."

45.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader with a written "Drive Time Policy," which stated, in part, that Defendant would not compensate employees for "Driving from jobsite to shop to drop off crew member."

46.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader with a written "Drive Time Policy," which stated, in part:

> Drive Time Rate: $9.00/hour and will become effective on 8-1-15. Computation of overtime pay is calculated as base rate + drive time rate / number of hours worked (week) * 1.5 for any hours over 40.

**TRAVEL TIME**

47.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other hourly-paid, non-exempt employees in the positions of Foreman and Crew Leader to drive company-owned vehicles between their homes, Defendant's Shop and/or a rideshare location, and job sites during the work day.

48.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer and Technician did not drive company-owned vehicles between their homes and Defendant's Shop and/or a rideshare location during the work day.

49.     At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to its hourly-paid, non-exempt Foremen and Crew Leaders, including Plaintiff, was to drive company-owned vehicles from the employees' residences to Defendant's Shop in Baldwin, Wisconsin and/or to predetermined rideshare locations by a pre-determined time established by Defendant in order to transport other hourly-paid, non-exempt Laborers and Technicians to off-site job sites geographically located in Minnesota and/or Wisconsin. For example, at the beginning of each work day during Plaintiff's employment with Defendant in the position of Foreman, Defendant required and directed Plaintiff to drive a company-owned vehicle from his home to Defendant's Shop in Baldwin, Wisconsin and/or to a predetermined rideshare location in Hudson, Wisconsin by at least 6:30 a.m. in order to pick up and transport other hourly-paid, non-exempt Laborers and Technicians to job sites located in Minnesota and/or Wisconsin. And, for example, if Plaintiff did not arrive at Defendant's Shop in Baldwin, Wisconsin and/or at the predetermined rideshare location in Hudson, Wisconsin by at least 6:30 a.m. at the beginning

of each work day in order to pick up and transport other hourly-paid, non-exempt Laborers and Technicians to job sites located in Minnesota and/or Wisconsin, he would be disciplined by Defendant and have to transport himself directly to the job site.

50.     At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to its hourly-paid, non-exempt Foremen and Crew Leaders, including Plaintiff, was also – after leaving Defendant's Shop in Baldwin, Wisconsin and/or a predetermined rideshare location – for them to pick up other hourly-paid, non-exempt Laborers and Technicians at their homes on the way to the job site and transport them to the job site.

51.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to not compensate Plaintiff and all other hourly-paid, non-exempt Foremen and Crew Leaders for travel time spent transporting other hourly-paid, non-exempt Laborers and Technicians from Defendant's Shop in Baldwin, Wisconsin and/or at a predetermined rideshare location at the beginning of the work day to off-site job sites geographically located in Minnesota and/or Wisconsin.

52.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Foremen and Crew Leaders spent approximately forty-five (45) minutes to two (2) hours in travel time transporting other hourly-paid, non-exempt Laborers and Technicians from Defendant's Shop in Baldwin, Wisconsin and/or at a predetermined rideshare location at the beginning of the work day to off-site job sites geographically located in Minnesota and/or Wisconsin.

53.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the purpose of the required practice described in Paragraph 49, above, was in order for Defendant to have a limited number of employee vehicles – including company-owned vehicles – parked or located at job sites and/or customers' locations during the work day.

54.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the required practice described in Paragraph 49, above, was communicated by Defendant to Plaintiff and all other hourly-paid, non-exempt employees in the position of Foreman and Crew Leader as "a part of your job," or words to that effect.

55.     At the end of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to its hourly-paid, non-exempt Foremen and Crew Leaders, including Plaintiff, was to drive a company-owned vehicle from the off-site job sites geographically located in Minnesota and/or Wisconsin and transport other hourly-paid, non-exempt Laborers and Technicians back to Defendant's Shop in Baldwin, Wisconsin and/or a predetermined rideshare location and/or their residences.

56.     At the end of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to its hourly-paid, non-exempt Foremen and Crew Leaders, including Plaintiff, was also – after leaving the off-site job sites geographically located in Minnesota and/or Wisconsin – for them to drop off other hourly-paid, non-exempt Laborers and Technicians at their residences on the way back to Defendant's Shop in Baldwin, Wisconsin and/or a predetermined rideshare location.

57. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to not compensate Plaintiff and all other hourly-paid, non-exempt Foremen and Crew Leaders for travel time spent transporting other hourly-paid, non-exempt Laborers and Technicians from off-site job sites geographically located in Minnesota and/or Wisconsin back to Defendant's Shop in Baldwin, Wisconsin, a predetermined rideshare location, and/or their residences at the end of the work day.

58. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Foremen and Crew Leaders spent approximately forty-five (45) minutes to two (2) hours in travel time transporting other hourly-paid, non-exempt Laborers and Technicians from off-site job sites geographically located in Minnesota and/or Wisconsin back to their residences, to Defendant's Shop in Baldwin, Wisconsin, and/or to a predetermined rideshare location at the end of the work day.

59. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the required practice described in Paragraph 55, above, was communicated by Defendant to Plaintiff and all other hourly-paid, non-exempt employees in the position of Foreman and Crew Leader as "a part of your job," or words to that effect.

60. At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to its hourly-paid, non-exempt Laborers and Technicians, including Plaintiff, was to arrive at Defendant's Shop in Baldwin, Wisconsin and/or at a predetermined rideshare location by a pre-determined time established by Defendant in order to travel with other hourly-paid, non-exempt Laborers, Technicians, Foremen, and Crew Leaders to off-site job sites geographically located in Minnesota and/or Wisconsin. For example, at the beginning of each work

day during Plaintiff's employment with Defendant in the position of Laborer, Defendant required and directed Plaintiff to arrive at Defendant's Shop in Baldwin, Wisconsin and/or at a predetermined rideshare location in Hudson, Wisconsin by at least 6:30 a.m. in order to be picked up by an hourly-paid, non-exempt Foreman and transported to job sites located in Minnesota and/or Wisconsin. And, for example, if Plaintiff did not arrive at Defendant's Shop in Baldwin, Wisconsin and/or at the predetermined rideshare location in Hudson, Wisconsin by at least 6:30 a.m. at the beginning of each work day in order to be picked up by an hourly-paid, non-exempt Foreman and transported to job sites located in Minnesota and/or Wisconsin, he would be disciplined by Defendant and have to transport himself directly to the job site.

61.     At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to its hourly-paid, non-exempt Laborers and Technicians, including Plaintiff, was also to be ready by a pre-determined time established by Defendant in order to be picked up at their residences by other hourly-paid, non-exempt Foremen and Crew Leaders on the way to the job site and transported to the job site.

62.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to not compensate Plaintiff and all other hourly-paid, non-exempt Laborers and Technicians for travel time from Defendant's Shop in Baldwin, Wisconsin and/or at a predetermined rideshare location at the beginning of the work day to off-site job sites geographically located in Minnesota and/or Wisconsin.

63.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Laborers and Technicians spent approximately forty-five (45) minutes to two (2) hours in travel time from Defendant's Shop in

13

Baldwin, Wisconsin and/or at a predetermined rideshare location at the beginning of the work day to off-site job sites geographically located in Minnesota and/or Wisconsin.

64.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the purpose of the required practice described in Paragraph 60, above, was in order for Defendant to have a limited number of employee vehicles – including company-owned vehicles – parked or located at job sites and/or customers' locations during the work day.

65.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the required practice described in Paragraph 60, above, was communicated by Defendant to Plaintiff and all other hourly-paid, non-exempt Laborers and Technicians as "a part of your job," or words to that effect.

66.     At the end of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's expectation, requirement, and directive as communicated to its hourly-paid, non-exempt Laborers and Technicians, including Plaintiff, was to be transported with other hourly-paid, non-exempt Laborers, Technicians, Foremen, and Crew Leaders back to Defendant's Shop in Baldwin, Wisconsin and/or a predetermined rideshare location.

67.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to not compensate Plaintiff and all other hourly-paid, non-exempt Laborers and Technicians for travel time from off-site job sites geographically located in Minnesota and/or Wisconsin back to Defendant's Shop in Baldwin, Wisconsin and/or a predetermined rideshare location at the end of the work day.

68.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Laborers and Technicians spent

14

approximately forty-five (45) minutes to two (2) hours in travel time with other hourly-paid, non-exempt Laborers, Technicians, Foremen, and Crew Leaders from off-site job sites geographically located in Minnesota and/or Wisconsin back to their homes, to Defendant's Shop in Baldwin, Wisconsin, and/or to a predetermined rideshare location at the end of the work day.

69.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the required practice described in Paragraph 66, above, was communicated by Defendant to Plaintiff and all other hourly-paid, non-exempt Laborers and Technicians as "a part of your job," or words to that effect.

70.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's work day and the work day of all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader commenced when said employees arrived at Defendant's Shop in Baldwin, Wisconsin and/or a predetermined rideshare location by a pre-determined time established by Defendant in order to collectively travel to off-site job sites geographically located in Minnesota and/or Wisconsin.

71.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's work day and the work day of all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader ended when said employees arrived back at Defendant's Shop in Baldwin, Wisconsin and/or a predetermined rideshare location from off-site job sites geographically located in Minnesota and/or Wisconsin.

## NON-DISCRETIONARY COMPENSATION

72.    During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader with, in addition to their hourly

or regular rates of pay, other non-discretionary forms of compensation, such as performance bonuses, commissions, incentives, and/or other monetary rewards.

73.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the non-discretionary forms of compensation identified in the aforementioned paragraph that Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader with, in addition to their hourly or regular rates of pay, were remunerated to Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader on approximately a weekly, monthly, and/or quarterly basis.

74.      During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the forms of compensation with which Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader in addition to their hourly or regular rates of pay were non-discretionary in nature: they were based on Plaintiff's hours worked and/or work performance and the hours worked and/or work performance of all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader.

75.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include all non-discretionary forms of compensation in Plaintiff's and all other hourly-paid, non-exempt Laborers', Technicians', Foremen's, and Crew Leaders' regular rates of pay for overtime calculation purposes.

**\*\***

76.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-

16

paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader for all hours actually worked each work day and each workweek.

77.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader when compensable work commenced and/or ceased.

78.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to compensate Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader for all hours actually worked each workweek, including but not limited to at an overtime rate of pay.

79.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during weeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader to work without being paid appropriate and lawful compensation for all hours worked.

80.     Defendant was or should have been aware that its policies in practice failed to compensate said employees when compensable work commenced and/or ceased each work day.

81.     Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader for all hours actually worked each workweek, including at an overtime rate of pay.

17

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

82.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective (Travel Time)**:  All hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader who are or have been employed by Defendant within three (3) years immediately prior to the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to compensate said employees for compensable travel time during the work day.

> **FLSA Collective (Non-Discretionary Compensation)**:   All hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader who are or have been employed by Defendant within three (3) years immediately prior to the filing of this Complaint (ECF No. 1) who received non-discretionary forms of compensation in addition to regular wages that were not included in their regular rates of pay for overtime calculation purposes.

83.     Defendant, as a matter of policy and practice, did not compensate its employees for all compensable travel time during the work day (and on a workweek basis) by the FLSA Collective (Travel Time). These practices resulted in Plaintiff and the FLSA Collective (Travel Time) being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

84.     Defendant suffered or permitted Plaintiff and the FLSA Collective (Travel Time) to perform work during the workweek without proper compensation for all hours of work. The effect of such a practice was for Defendant to deny the FLSA Collective (Travel Time) their agreed upon wages, including overtime compensation at one and one-half times the regular rate, for the hours worked that were not counted as work.

85.     Defendant, as a matter of policy and practice, did not include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes. These practices resulted in Plaintiff and the FLSA Collective (Non-Discretionary Compensation) being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

86.     The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collectives.

87.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

88.     Plaintiff and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collectives.

89.     Plaintiff and the FLSA Collectives seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all hours worked, including overtime compensation, and to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the employees' regular rates of pay for overtime calculation purposes.

90.     The FLSA Collectives are readily ascertainable. For purpose of notice and other

purposes related to this action, the names, phone numbers, and addresses are readily available from

Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address

known by Defendant and through posting at Defendant's facility in areas where postings are

normally made.

91.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith,

and has caused significant damages to Plaintiff and the putative FLSA Collectives.

### RULE 23 CLASS ALLEGATIONS - WISCONSIN

92.     Plaintiff brings this action on behalf of himself and all other similarly situated

employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees

include:

> **Wisconsin Class (Timeshaving)**:  All hourly-paid, non-exempt
> employees in the positions of Laborer, Technician, Foreman, and
> Crew Leader who are or have been employed by Defendant within
> two (2) years immediately prior to the filing of this Complaint (ECF
> No. 1) who have not been compensated for all hours worked in a
> workweek, including at an overtime rate of pay for those hours
> worked in excess of forty (40) hours in a workweek, as a result of
> Defendant's failure to compensate said employees for compensable
> travel time during the work day.

> **Wisconsin Class (Non-Discretionary Compensation)**:   All
> hourly-paid, non-exempt employees in the positions of Laborer,
> Technician, Foreman, and Crew Leader who are or have been
> employed by Defendant within two (2) years immediately prior to
> the filing of this Complaint (ECF No. 1) who received non-
> discretionary forms of compensation in addition to regular wages
> that were not included in their regular rates of pay for overtime
> calculation purposes.

93.     The members of the Wisconsin Classes are readily ascertainable. The number and

identity of the members of the Wisconsin Classes are determinable from the records of Defendant.

The job titles, length of employment, and the rates of pay for each member of the Wisconsin

Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

94.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of each of the Wisconsin Classes.

95.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

96.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

97.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against

corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Classes members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

98.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

99.     Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

100.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay the Wisconsin Classes for all work Defendant suffered or permitted them to perform; (4) Whether Defendant failed to include non-discretionary forms of compensation in the Wisconsin Classes regular rates of pay for overtime calculation purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

101.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime**
**(Plaintiff on behalf of himself and the FLSA Collective (Travel Time))**

102.     Plaintiff, on behalf of himself and the FLSA Collective (Travel Time), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

103.     At all times material herein, Plaintiff and the FLSA Collective (Travel Time) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

104.    At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Travel Time) as provided under the FLSA.

105.    At all times material herein, Plaintiff and the FLSA Collective (Travel Time) were employees of Defendant as provided under the FLSA.

106.    Plaintiff and the FLSA Collective (Travel Time) are victims of uniform compensation policy and practice in violation of the FLSA.

107.    Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Travel Time) for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

108.    Defendant suffered or permitted Plaintiff and the FLSA Collective (Travel Time) to perform work without being properly or lawfully compensated for each hour worked. The effect of such a practice was for Defendant to deny Plaintiff and the FLSA Collective (Travel Time) their agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

109.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

110.    Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

111.    Defendant's failure to properly compensate Plaintiff and the FLSA Collective (Travel Time) and failure to properly record all compensable work time was willfully perpetrated.

Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective (Travel Time) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective (Travel Time) are entitled to an award of pre-judgment interest at the applicable legal rate.

112.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Travel Time) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

113.    Plaintiff and the FLSA Collective (Travel Time) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

114.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime**
**(Plaintiff on behalf of himself and the FLSA Collective (Non-Discretionary Compensation))**

115.    Plaintiff, on behalf of himself and the FLSA Collective (Non-Discretionary Compensation), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

116.     At all times material herein, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

117.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Non-Discretionary Compensation) as provided under the FLSA.

118.     At all times material herein, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) were employees of Defendant as provided under the FLSA.

119.     Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are victims of uniform compensation policy and practice in violation of the FLSA.

120.     Defendant violated the FLSA by failing to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes.

121.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

122.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

123.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

26

124.    Defendant's failure to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to an award of pre-judgment interest at the applicable legal rate.

125.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

126.    Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

127.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**THIRD CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime**
**(Plaintiff, on behalf of himself and the Wisconsin Class (Travel Time))**

128.    Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

129.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

130.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

131.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq*., 104.01 *et seq*., and Wis. Admin. Code § DWD 272.01.

132.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

133.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

134.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

135.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

136.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

137.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**FOURTH CLAIM FOR RELIEF**
**Violation of the WWPCL - Failure To Pay Agreed Upon Wage**
**(Plaintiff, on behalf of himself and the Wisconsin Class (Travel Time))**

138.    Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

139.    Plaintiff and the Wisconsin Class have been entitled payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Class pursuant to Wis. Stat. § 109.03.

140.    Defendant violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Class for each hour worked by Plaintiff and the Wisconsin Class through the impermissible time shaving policies described above.

141.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of Plaintiff and the Wisconsin Class members' respective unpaid compensation, injunctive relief requiring Defendant to cease and

desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

142.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

**FIFTH CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime**
**(Plaintiff, on behalf of himself and the Wisconsin Class (Non-Discretionary Compensation))**

143.    Plaintiff, on behalf of himself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

144.    At all relevant times, Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

145.    At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

146.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

147.    Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

148.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

149.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

150.     Defendant willfully failed to include all forms of non-discretionary compensation in the Wisconsin Class' regular rates of pay for overtime calculation purposes, in violation of Wisconsin Wage Payment Laws.

151.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

152.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a)    At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader of Defendant damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees in the positions of Laborer, Technician, Foreman, and Crew Leader with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 11th day of January, 2019.

WALCHESKE & LUZI, LLC
Counsel for Plaintiff


s/ *James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com