## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

ZACHARY MORGAN on behalf of
himself and all others similarly situated,

                Plaintiff,

v.

CRUSH CITY CONSTRUCTION, LLC
879 U.S. Highway 63
Baldwin, Wisconsin 54002,

                Defendant.

Court File No.: 3:19-cv-00027 (SLC)


**DEFENDANT'S MEMORANDUM OF
LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 2

    A. Undisputed Material Facts. ......................................................................... 2

    B. Crush City's Additional Undisputed Facts. ............................................... 5

LEGAL STANDARD ................................................................................................ 7

ARGUMENT ............................................................................................................. 7

  I. PARTIAL SUMMARY JUDGMENT FOR PLAINTIFF ZACHARY MORGAN ON HIS FLSA TRAVEL TIME CLAIM SHOULD BE DENIED .............................. 8

    A. Travel Time Not Presumptively Compensable Under FLSA. ................... 8

    B. Plaintiff Falls Short of Meeting His Burden of Proof Regarding His Travel Time Claim; Material Facts Relied Upon by Plaintiff are Disputed and Frequently Contradicted by Plaintiff and Other Putative Class Members. ............................ 13

    C. Credibility Determination Necessary. ..................................................... 17

  II. PARTIAL SUMMARY JUDGMENT FOR PROPOSED CLASSES IS NOT PROPER. ................................................................................................................ 19

    A. Travel Time Not Presumptively Compensable Under WWPCL. ........... 19

    B. Undisputed Facts Do Not Support Finding that Class Performed Compensable Work Which Would Entitle Plaintiff and the Class to Judgment as a Matter of Law. .................................................................................................................. 22

    C. Plaintiff Falls Short of Meeting His Burden of Proof Regarding Non-Discretionary Compensation Owed to the Class. ................................................. 24

D. Plaintiff's Motion for Partial Summary Judgment is Improper in Light of Plaintiff's Pending Motion for Class Certification. .............................................. 26

CONCLUSION ............................................................................................................ 27

## TABLE OF AUTHORITIES

<u>**Cases**</u>

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ............................. 7, 17, 25

*American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) ........................................... 26

*Burgess v. Catawba Cty.,* 805 F. Supp. 341 (W.D.N.C. 1992) ........................................ 15

*Cameron v. Frances Slocum Bank & Trust Co.*, 824 F.2d 570 (7th Cir. 1987) .............. 18

*Carter v. Panama Canal Co.*, 314 F. Supp. 386 (D.D.C. 1970) ........................................ 9

*Centeno v. Quigley*, No. C14-200, 2015 WL 432537 (W.D. Wash. Feb. 2, 2015) .......... 27

*Chambers v. Sears,  Roebuck and Co.*,  793 F. Supp. 2d 938  (S.D. Tex. Apr. 20, 2010) ....................................................................................................................... 10, 11

*Ciemnoczolowski v. Q. O. Ordinance Corp.*, 228 F.2d 929 (8th Cir. 1955) ...................... 9

*Costello v. BeavEx, Inc.*, 810 F.3d 1045 (7th Cir. 2016) ................................................. 27

*Gil v. Reed,* 535 F.3d 551 (7th Cir. 2008) ......................................................................... 7

*Goebel v. First Fed. Sav. & Loan Ass'n of Racine*, 266 N.W.2d 352 (Wis. 1978) .... 20, 21

*Graham v. City of Chicago*, 828 F. Supp. 578 (N.D. Ill. 1993) ........................................ 8

*Griffin v. S & B Engineers & Constructors, Ltd.*, 507 Fed. Appx. 377 (5th Cir. 2013) .. 11

*Johnson v. RGIS Inventory Specialists*, 554 F. Supp. 2d 693 (E.D. Tex. 2007) .............. 11

*Kieninger v. Crown Equip. Corp.*, 924 N.W.2d 172 (Wis. 2019) ............................... 20, 21

*Koehler v. USAA Casualty Ins. Co.*, No. 19-715, 2019 WL 4447623 (E.D. Pa. Sept. 17, 2019) ............................................................................................................................... 27

*Kuhnert v. Advanced Laser Machining, Inc.*, 794 N.W.2d 805 (Wis. Ct. App. 2011) .... 24

*Mitchell v. Southeastern Carbon Paper Co.*, 228 F.2d 934 (5th Cir. 1955) ...................... 8

*Ricard v. KBK Serv., Inc.*, No. 15-cv-299-jdp, 2016 WL 4691608 (W.D. Wis. Sept. 7, 2016) ............................................................................................................... 12, 13

*Shivalec v. Milwaukee Mixed Metal Cycles LLC*, No. 17-cv-1245, 2018 WL 6813926 (E.D. Wis. Dec. 27, 2018) ................................................................................................ 7

*State v. Fitzgerald*, 929 N.W.2d 165 (Wis. 2019) ............................................... 20, 21

*Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017 (N.D. Cal. 2015) ....... 27

## Statutes & Codes

29 U.S.C. § 203 ........................................................................................................... 8

29 U.S.C. § 206 ........................................................................................................... 8

29 U.S.C. § 207 ...................................................................................................... 8, 14

29 U.S.C. § 207(a)(1) ............................................................................................ 8, 14

29 U.S.C. § 254(a) ............................................................................................... 10, 14

29 U.S.C. § 260 ......................................................................................................... 15

29 U.S.C. § 216(b) ..................................................................................................... 15

Wis. Stat. § 103.025(1)(c) .......................................................................................... 24

Wis. Stat. § 109.03, subd. 1 .................................................................................. 19, 21

Wis. Admin. Code § DWD 272.12(1)(a)(1) .................................................................. 19

Wis. Admin. Code § DWD 272.12(1)(a)(2) .................................................................. 20

Wis. Admin. Code § DWD 272.12(2)(g) ............................................................... 20, 21

Wis. Admin. Code § DWD 272.12(2)(e)(1) .................................................................. 20

Wis. Admin. Code § DWD 274.03 ............................................................................... 24

## Rules & Regulations

29 C.F.R. § 785.35 .................................................................................................... 10

29 C.F.R. § 790.6(a) ........................................................................................ 8, 10

Fed. R. Civ. P. 23(c)(1)(C) .................................................................................. 26

Fed. R. Civ. P. 56(a) ................................................................................... 7, 17, 25

Fed. R. Civ. P. 56(c) ............................................................................................. 7

Fed. R. Evid. 608 ................................................................................................. 18

**<u>Other Sources</u>**

U.S. Dep't Lab. Op. Ltr., 1999 WL 1002360 (Jan. 29, 1999) .......................... 10

# INTRODUCTION

Since January of 2019, Plaintiff Zachary Morgan ("Plaintiff") and Defendant Crush City Construction, LLC ("Crush City") have been engaged in litigation concerning alleged wages owed by Crush City to its employees for allegedly unpaid compensable "travel time," specifically alleged wages owed for time Crush City's employees spent ride sharing or traveling at the beginning and end of the workday, as well as unpaid overtime wages due to Crush City's alleged failure to account for all non-discretionary compensation when computing employees' standard and overtime rates of pay.  Plaintiff now simultaneously and improperly moves for Class Certification and Issuance of Notice Pursuant to Fed. R. Civ. P. 23 (Plaintiff's "Motion for Certification") and for Partial Summary Judgment (Plaintiff's "Motion for Partial Summary Judgment") on his behalf and on behalf of two Wisconsin state law Classes.  [ECF No. 65–72].

In his Motion for Partial Summary Judgment, Plaintiff requests the Court find in his favor as a matter of law as to Plaintiff's individual Fair Labor Standards Act ("FLSA") claims as well as the Wisconsin Wage Payment and Collection Law ("WWPCL") claims brought on behalf of the two (2) putative state law Classes.  Partial summary judgment is not just futile in light of the many genuine issues of material fact evident in the record and continuously overlooked by Plaintiff, but impractical in light of the rule against one-way intervention and Plaintiff's pending Motion for Certification.   As the record demonstrates, Plaintiff's argument that Crush City maintained a policy whereby it customarily failed to compensate its Technician Employees for compensable travel time has been debunked over

1

and over again by the testimony of Plaintiff, other putative Class members, and the documents produced in this case.

Furthermore, as is well-settled and well-known among class action counsel, the rule against one-way intervention precludes a court from issuing a merits determination prior to certification and issuance of notice to the putative class(es). Thus, should the Court anticipate certifying one or more of Plaintiff's Rule 23 Classes—to the extent it is even possible in light of Plaintiff's Motions for Summary Judgment—Crush City argues that the rule against one-way intervention precludes a ruling on Plaintiff's Motions for Summary Judgment at this stage.

## STATEMENT OF FACTS

### A.   *Undisputed Material Facts.*

Crush City Construction, LLC, d/b/a Lindus Construction, is a privately-owned construction company headquartered in Baldwin, Wisconsin that provides residential construction, remodeling, siding, roofing, decking, and gutter services primarily in the States of Minnesota and Wisconsin. ECF No. 67 at 4; Plaintiff's Proposed Findings of Fact ("PPFOF") ¶ 1; Defendant's Response to Plaintiff's Proposed Findings of Fact and Defendant's Findings of Fact ("Def. Resp. & PFOF") ¶ 1. Adam Lindus is an Owner of, the registered agent for, and Vice President of Production at Crush City. ECF No. 67 at 4; PPFOF ¶ 2; Def. Resp. & PFOF ¶ 2. The other owners/members of Defendant are Adam Lindus's brothers, Alex Lindus and Andy Lindus. ECF No. 67 at 4; PPFOF ¶ 3; Def. Resp. & PFOF ¶ 3. Defendant's Baldwin, Wisconsin headquarters, located at 879 U.S. Highway

2

63, Baldwin, Wisconsin, is commonly referred to as Defendant's "shop."  ECF No. 67 at 10; PPFOF ¶ 56; Def. Resp. & PFOF ¶ 56.

Defendant's Technician Employees, including Plaintiff, performed work at various, primarily residential, jobsites in Wisconsin and Minnesota.  ECF No. 67 at 10; PPFOF ¶ 57; Def. Resp. & PFOF ¶ 57.  Crush City currently employs between approximately eighty (80) and one hundred (100) Technician Employees.  ECF No. 67 at 5; PPFOF ¶ 12; Def. Resp. & PFOF ¶ 12.  Defendant's Technician Employees, including Plaintiff, worked in different "crews" within various departments.  ECF No. 67 at 5; PPFOF ¶ 16; Def. Resp. & PFOF ¶ 16.  For example, during his employment at Defendant, Plaintiff worked in a "tear off crew" in Defendant's Siding department.  ECF No. 67 at 5; PPFOF ¶ 16; Def. Resp. & PFOF ¶ 16.  The organizational structure in each department in which Technician Employees worked was generally the same: Laborers/Technicians reported to Foreman/Crew Leaders, who then reported to a Manager.  ECF No. 67 at 5; PPFOF ¶ 14; Def. Resp. & PFOF ¶ 14.  Department managers then reported to Adam Lindus.  ECF No. 67 at 5; PPFOF ¶ 15; Def. Resp. & PFOF ¶ 15.

Throughout his employment with Crush City, Plaintiff held the positions of Laborer, Technician, Foreman, and Crew Leader.  ECF No. 67 at 5; PPFOF ¶ 9; Def. Resp. & PFOF ¶ 9.  On a daily basis during Plaintiff's employment with Crush City, Plaintiff worked alongside other Technician Employees.  ECF No. 67 at 5; PPFOF ¶ 9; Def. Resp. & PFOF ¶ 9.  With respect to its Technician Employees, including Plaintiff, Crush City: (1) established the work rules, policies, and procedures by which they abided in the workplace; (2) controlled the terms and conditions of their employment; (3) provided them with work

3

assignments and hours of work; and (4) established their work schedules. ECF No. 67 at 6; PPFOF ¶ 17–20; Def. Resp. & PFOF ¶ 17–20. During the three (3) year period prior to the filing of Plaintiff's Complaint, Defendant instructed its Technician Employees, including Plaintiff, to track or record their hours of work electronically using Salesforce, which is an internet-based software program. ECF No. 67 at 8–9; PPFOF ¶ 41; Def. Resp. & PFOF ¶ 41. At the end of each workweek, Defendant's Technician Employees, including Plaintiff, submitted their hours worked as they recorded them to Defendant for review and approval. ECF No. 67 at 10; PPFOF ¶ 47; Def. Resp. & PFOF ¶ 47. If a Manager determined a discrepancy or issue existed in a Technician Employee's hours of work as recorded, the Manager returned the timecard to the Technician Employee for alteration or correction. ECF No. 67 at 10; PPFOF ¶ 52; Def. Resp. & PFOF ¶ 52.

During the two (2) year period prior to the filing of Plaintiff's Complaint, Defendant maintained a fleet of at least 100 vehicles equipped with GPS tracking. ECF No. 67 at 11; PPFOF ¶ 63; Def. Resp. & PFOF ¶ 63. Defendant's Managers had the ability and authority to review the GPS data for Crush City's company-owned vehicles. ECF No. 67 at 9; PPFOF ¶ 50; Def. Resp. & PFOF ¶ 50. During the three (3) year period prior to the filing of Plaintiff's Complaint, Crush City's workweek was Monday through Sunday. ECF No. 67 at 15; PPFOF ¶ 85; Def. Resp. & PFOF ¶ 85. During the three (3) year period prior to the filing of Plaintiff's Complaint, Crush City compensated its Technician Employees, including Plaintiff, on a weekly basis via check. ECF No. 67 at 15; PPFOF ¶ 87; Def. Resp. & PFOF ¶ 87. Crush City paid performance-based bonuses to some of its Technician Employees. ECF No. 67 at 16; PPFOF ¶ 93; Def. Resp. & PFOF ¶ 93. Salesforce

4

automatically calculated each Technician Employee's hours worked, applicable overtime rate, and compensation due each workweek prior to late 2019. ECF No. 67 at 17; PPFOF ¶ 97; Def. Resp. & PFOF ¶ 97.

While performance bonuses were not factored into Technician Employees' standard and overtime rates, starting in late 2019, Crush City began including non-discretionary compensation in its Technician Employees' regular rates of pay for overtime calculation and compensation purposes. ECF No. 67 at 18; PPFOF ¶ 102; Def. Resp. & PFOF ¶ 102. In late 2019, Crush City also re-calculated the overtime pay owed to its Technician Employees and issued checks for potential calculation errors. ECF No. 67 at 18–19; PPFOF ¶ 102; Def. Resp. & PFOF ¶ 102. Adam Lindus estimates that sixty (60) current and former Technician Employees, including Plaintiff, received such overtime compensation checks from Crush City. ECF No. 67 at 19; PPFOF ¶ 105, 107; Def. Resp. & PFOF ¶ 105, 107.

### B.   *Crush City's Additional Undisputed Facts.*

No documents or other records exist which indicate which Technician Employees drove vehicles owned by Crush City. Defendant's Additional Proposed Findings of Fact ("Def. PFOF") ¶ 1. No documents or other records exist which indicate which Technician Employees traveled in vehicles owned by Crush City. Def. PFOF ¶ 2. No documents or other records exist which indicate which Technician Employees traveled in vehicles owned by Crush City. Def. PFOF ¶ 3. Plaintiff possesses no documents or other records which indicate when or where he rode as a passenger in Crush City's company-owned vehicle while employed by Crush City. Def. PFOF ¶ 4. Plaintiff possesses no documents or other

5

records, other than his timecards, which indicate when he began performing what Plaintiff believes to be compensable work on each workday. Def. PFOF ¶ 5. Plaintiff possesses no documents or other records, other than his timecards, which indicate when he ceased performing what Plaintiff believes to be compensable work on each workday. Def. PFOF ¶ 6. GPS records from vehicles owned by Crush City do not indicate who drove each vehicle. Def. PFOF ¶ 7. GPS records from vehicles owned by Crush City do not indicate who traveled in each vehicle. Def. PFOF ¶ 8. Technician Employees employed by Crush City utilized various methods of transportation to job sites, including: (1) driving to job sites in their personal vehicles; (2) being picked up by other Technician Employees from jail; (3) being picked up by other Technician Employees from home; (4) being picked up by other Technician Employees from a rideshare location. Def. PFOF ¶ 9. Job duties, including pre- and post-travel job duties, of Technician Employees could vary based by the employee's division, crew, job, and day of the week. Def. PFOF ¶ 10. Technician Employees were not required to attend meetings daily, but attended weekly or monthly meetings, depending on the division they worked in. Def. PFOF ¶ 11. Some Technician Employees were paid for drive time. Def. PFOF ¶ 12. Technician Employee Zachary Morgan's timecards indicates that he drove just thirty (30) to sixty (60) minutes to jobsites on several occasions. Def. PFOF ¶ 13. Technician Employee Ryan Miller's timecards indicates that he drove just thirty (30) to sixty (60) minutes to jobsites on several occasions. Def. PFOF ¶ 14. Technician Employee Caleb Davis timecards indicates that he drove just thirty (30) minutes to sixty (60) to jobsites on several occasions. Def. PFOF ¶ 15. Crush City sought the advice of legal counsel in formulating its "Drive Time Policy." Def. PFOF

¶ 16.  The document titled "Drive Time Policy" was written by Crush City's legal counsel. Def. PFOF ¶ 17.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56, a court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).  A fact is material if it "might affect the outcome of the suit"; a dispute is genuine if "a reasonable factfinder could return a verdict for the non-movant."  *Shivalec v. Milwaukee Mixed Metal Cycles LLC*, No. 17-cv-1245, 2018 WL 6813926 at *2 (E.D. Wis. Dec. 27, 2018) (citing *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 248 (1986)).  A motion for summary judgment must be supported by facts which are provable by admissible evidence.  Fed. R. Civ. P. 56(c).  In deciding a motion for summary judgment, a court must "construe all facts and draw all inferences from those facts in favor of the nonmoving party."  *Gil v. Reed,* 535 F.3d 551, 556 (7th Cir. 2008).

## ARGUMENT

In Plaintiff's Omnibus Brief in Support of Motions ("Plaintiff's Brief"), Plaintiff presents to the Court a flawed and deficient summary judgment analysis and asks the Court to find in his favor, and in the favor of two currently-uncertified Rule 23 Classes, as a matter of law.  Plaintiff's argument on behalf of the Classes follows the same flawed pattern as his individual travel time argument.  First, Plaintiff sets forth obviously disputed or unsupported claims as undisputed facts.  Then, Plaintiff accepts these "facts" as true without presenting sufficient supporting evidence.  Finally, Plaintiff summarily concludes

that Defendant owes him and the Classes wages.  A motion for summary judgment cannot succeed where, as here, a plaintiff fails to meet his burden under Fed. R. Civ. P. 56.  Here, the undisputed facts simply do not support a finding for Plaintiff and the putative Rule 23 Classes as a matter of law.  On these grounds, Plaintiff's Motions for Partial Summary judgment must be denied.

## I.    PARTIAL SUMMARY JUDGMENT FOR PLAINTIFF ZACHARY MORGAN ON HIS FLSA TRAVEL TIME CLAIM SHOULD BE DENIED.

### A.    *Travel Time Not Presumptively Compensable Under FLSA.*

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* sets forth minimum wage and overtime requirements for employees and employers covered by the Act.  *See* 29 U.S.C. §§ 203, 206–207.  The FLSA's overtime provision directs that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specific at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).  Wages are owed, generally, for work performed within a "workday," defined as "the period between the commencement and completion on the same workday of an employee's principal activity or activities."  29 C.F.R. § 790.6(a).

Importantly, "[w]hether the activity is a principal activity or integral to a principal activity is [] a question to be decided by the facts of each case."  *Graham v. City of Chicago*, 828 F. Supp. 578, 580 (N.D. Ill. 1993).  It is well-settled that whether a specific activity constitutes a "principal activity" under the Portal-to-Portal Act is a question of fact. *See Mitchell v. Southeastern Carbon Paper Co*., 228 F.2d 934, 938–39 (5th Cir. 1955)

("Just as the Supreme Court stated in the Portal-to-Portal cases that a determination of whether clothes changing and walking time [were compensable] . . . was a question of fact, so here the determination as to whether the same activities are within the term 'principal activities' is one of fact."); *Ciemnoczolowski v. Q. O. Ordinance Corp.*, 228 F.2d 929, 934 (8th Cir. 1955) ("Whether a preliminary or postliminary activity, necessary to the performance of the 'principal activity', is an integral part of the principal activity is a question of fact to be determined from all the relevant evidence."); *Carter v. Panama Canal Co.*, 314 F. Supp. 386, 391 (D.D.C. 1970) ("Whether the activities were such an integral and indispensable part of the employee's principal activity as to be compensable is a question of fact.").

The Portal to Portal Act directs that travel and commuting activities performed prior to or after the performance of a principal activity are ***not*** compensable under the FLSA:

> [N]o employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938 . . . on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities of such employee[:]
>
> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform; and
>
> (2) activities which are preliminary to or postliminary to said principal activity or activities,
>
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a).[1]  Under the Portal-to-Portal Act travel is not a principal activity where "the use of an employer's vehicle for travel by an employee . . . is within the ***normal commuting area*** for the employer's business or establishment and the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee[.]"  29 U.S.C. § 254(a) (emphasis added). While "normal commuting area" is not defined by the Act, the United States Department of Labor ("DOL") advises "ordinary home-to-work travel" is ***not*** compensable work time:

> An employee who travels from home before his regular workday and returns to his home at the end of the workday is engaged in ordinary home to work travel which is a normal incident of employment. This is true whether he works at a fixed location or at different job sites. Normal travel from home to work is not worktime.

29 C.F.R. § 785.35.  What constitutes an employee's "normal commuting area" should be interpreted expansively; an employee need not be compensated for travel time unless "the [travel] time involved is extraordinary." U.S. Dep't Lab. Op. Ltr., 1999 WL 1002360, at *2 (Jan. 29, 1999).[2]  There is no bright-line test for what constitutes an "extraordinary" or

---

[1] The Code of Federal Regulations directs that this section of the Portal-to-Portal Act "does not affect the computation of hours worked within the "workday" proper, roughly described as the period "from whistle to whistle," and its provisions have nothing to do with the compensability under the Fair Labor Standards Act of any activities engaged in by an employee during that period."  29 C.F.R. § 790.6(a)

[2] Courts have further instructed that plaintiffs seeking to establish that they traveled outside of their "normal commuting area" must produce evidence indicating their commutes were "not 'normal' ***for their 'employer's place of business or establishment***.'" *Chambers v.*

"normal" commute; rather, courts have held that the distance a worker could reasonably be expected to commute is "defined by what is unusual within the confines of a ***particular employment relationship***." *Johnson v. RGIS Inventory Specialists*, 554 F. Supp. 2d 693, 703 (E.D. Tex. 2007) (citing *Kavanagh v. Grand Union Co., Inc.*, 192 F.3d 269, 272 (2d. Cir. 1999)) (emphasis added).

Relevant case law indicates an analysis of what constitutes an extraordinary, and thus compensable, commute must take into account: (1) the standard practices for the particular employment relationship as well as (2) the type of business engaged in by the employer. *See id.*; *Chambers v. Sears, Roebuck and Co*., 793 F. Supp. 2d 938, 949 (S.D. Tex. Apr. 20, 2010).

Such a complex network of federal statutes, rules, regulations, and Opinion Letters unequivocally supports a finding that that Congress and the DOL intended to minimize compensable driving time and ensure that the vast majority of time spent by an employee commuting to and from the place where the employee performed principal activities to ***not*** constitute compensable work for purposes of the FLSA. Courts have applied such statutory and regulatory guidance accordingly. For example, in *Griffin v. S & B Engineers & Constructors, Ltd*., 507 Fed. Appx. 377 (5th Cir. 2013), plaintiff, a construction worker,

---

*Sears, Roebuck and Co*., 793 F. Supp. 2d 938, 949 (S.D. Tex. Apr. 20, 2010) (emphasis added).

brought FLSA claims against the defendant-employer alleging that defendant's mandatory park and ride bussing scheme, whereby defendant's employees loaded busses at scheduled times and were transported from parking lots to defendant's plant, constituted compensable time for which defendant's employees were owed forty (40) to sixty (60) minutes of travel time per day. *See id.* at 378.  Affirming the district court's grant of summary judgment to the defendant-employer, the Fifth Circuit rejected the plaintiff's argument that travel must be "voluntary" to be excluded as compensable time under the FLSA, and found that the mandatory bussing scheme "constitutes ordinary home-to-work-and-back travel."  *Id.* at 382.  The Fifth Circuit further noted that "our sister circuits that have discussed mandatory employer transportation schemes have disfavored fashioning such a per se rule [rendering mandatory travel time compensable]." *Id.*  Furthermore, in *Ricard v. KBK Serv., Inc*., No. 15-cv-299-jdp, 2016 WL 4691608 (W.D. Wis. Sept. 7, 2016), plaintiffs brought a collective and class action against their former employer to recover alleged wages owed under the FLSA and the WWPCL due to alleged compensable travel time of ninety (90) miles one-way to defendant's job sites.  After noting that the FLSA and WWPCL would allow for compensability of travel time when plaintiffs were required to commute away from their "home community," this Court held that plaintiffs' 90-mile commutes to job sites were noncompensable commuting time, noting, "the record here shows that travel to remote job sites was indeed *a normal incident of working for KBK, and for construction companies generally* . . . there is no genuine dispute that sometimes lengthy travel to job sites is a normal part of working in the construction industry."  *Id.* at *4 (emphasis added). Ultimately, this court rejected plaintiffs' argument that any travel over ninety (90) miles

12

was automatically compensable under the FLSA and WWPCL, concluding plaintiffs' travel did not qualify as "travel away from their home community" such that they were owed wages for travel time under the FLSA or the WWPCL. *Id.* at *6.

Here, Plaintiff's travel to and from job sites is similarly noncompensable. Plaintiff's use of Crush City's van was subject to an agreement (*see* Crush City's Vehicle Policy/Agreement, ECF No. 23-7), and Plaintiff's timecards indicate the travel times complained of by Plaintiff were both standard for his employment relationship with Crush City as well as the residential and construction remodeling business (*see* Zachary Morgan's Timecards, ECF No. 68-1); *Ricard v. KBK Serv., Inc.*, No. 15-cv-299-jdp, 2016 WL 4691608 (W.D. Wis. Sept. 7, 2016)).  Thus, Plaintiff cannot prove that he is owed for travel or commuting time; it is a factfinder who must determine: (1) whether the travel at issue constituted a "principal activity" such that it is capable of compensation under the FLSA; and (2) whether the travel was (a) within the employer's normal commuting area; and (b) the use of the vehicle was subject to an agreement between the employer and the employee. Such a determination cannot be made as a matter of law where, as here, a reasonable factfinder could find that Plaintiff's travel time was not a principal activity or otherwise excluded as a compensable principal activity under the Portal-to-Portal Act.

B.    ***Plaintiff Falls Short of Meeting His Burden of Proof Regarding His Travel Time Claim; Material Facts Relied Upon by Plaintiff are Disputed and Frequently Contradicted by Plaintiff and Other Putative Class Members.***

As summarized above, to succeed on his travel time claim against Crush City Plaintiff Zachary Morgan must prove: (1) the time spent by Plaintiff traveling was a

13

"principal activity" performed for Crush City and thus constituted compensable work time; (2) Plaintiff was not paid for the compensable travel time; and (3) these unpaid hours were in excess of forty (40) per week, such that compensation under 29 U.S.C. § 207 is owed. *See* 29 U.S.C. §§ 207(a)(1), 254(a).  Plaintiff cannot satisfy even one of these elements.

First, almost all of the "undisputed facts" on which Plaintiff's Motion for Summary Judgment relies are either unsupported, obviously disputed, contradicted by testimony given by other Crush City employees, or contradicted by other evidence.  *See* Defendant's Response to Plaintiff's Proposed Findings of Fact, ECF No. 73.  For example, Plaintiff claims that "Defendant's Drive Time Policy as written [] did not compensate all compensable travel time on its face" (Pl.'s Brf. at 13), but fails to describe ***any scenario*** under the Drive Time Policy that violates the FLSA (or WWPCL).  Plaintiff next directly contradicts himself by first claiming that Crush City implemented and enforced a written Drive Time Policy, and then immediately claiming Crush City ***didn't*** enforce the written Drive Time Policy, but in fact frequently deviated from it in manner that allegedly denied Plaintiff compensation.  *See* Pl.'s Brf. at 13.  Finally, Plaintiff claims that Crush City "knowingly" violated the FLSA with respect to his alleged compensable drive time but ignores testimony which evidences Crush City's good-faith reliance on legal counsel who

14

drafted the written Drive Time Policy at issue.  *See* Kappenman Decl. ¶ 11, Ex. J ("Lindus Dep.") at 79:20–80:2).[3]

Further complicating Plaintiff's attempt to prove his case is the fact that Plaintiff cannot seem to recall many of the events necessary for Plaintiff to establish that Plaintiff performed compensable work.  In fact, Plaintiff claimed no less than ***80 times*** throughout his deposition that he "couldn't remember" material facts.  *See* Kappenman Decl. ¶ 5, Ex. D ("Morgan Dep.") 17:9–19, 72:18–20, 90:9–24, 91:1–20, 92:20–25, 100:21-101:6, 102:11–15, 112:24-113:10.  For example, when asked if Crush City's drive time policy changed during his employment with Crush City, Plaintiff responded:

| Q: | Did the drive policy change, the getting paid for drive time change at all during your employment at Lindus or was it always the same? |
| A: | I can't remember. |

Kappenman Decl. at ¶ 5, Ex. D ("Morgan Dep.") 102:11–15.  Plaintiff likewise cannot recall how often he would have to pick materials up from the shop—an activity for which the compensability of Plaintiff's drive time could likely depend:

| Q: | So when would you have to pick up materials from the shop? |

---

[3] Crush City's good faith reliance on the advice of its legal counsel moots Plaintiff's claims that any potential violations were "knowing" or "willful" such that Plaintiff is not owed a third-year extension or liquidated damages.  *See* 29 U.S.C. §§ 260, 216(b); *Burgess v. Catawba Cty.,* 805 F. Supp. 341, 350 (W.D.N.C. 1992) ("An award of liquidated damages is mandatory, but may become discretionary if an employer is able to establish 'to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had a reasonable grounds for believing that his act or omission was not in violation of the [FLSA].").

| A: | When I was told to. |
|---|---|
| Q: | But what circumstances would require it? |
| A: | A new job. |
| Q: | And how often was that? |
| A: | I can't remember. |
| Q: | And how often would you have to dispose of materials back at the shop? |
| A: | I can't remember. |

Kappenman Decl. at ¶ 5, Ex. D ("Morgan Dep.") 100:21-101:6.  Nor can Plaintiff recall if

he recorded his workday as ending at the jobsite or at Crush City's shop after driving back:

| Q: | Do you remember when you entered as the end of your workday? Was it when you were leaving the job site or when you were leaving the shop to get into your own personal car? |
|---|---|
| A: | I don't remember for that time period. |

Kappenman Decl. at ¶ 5, Ex. D ("Morgan Dep.") 92:20–25.

Finally, Plaintiff's deposition made clear that Plaintiff intends to rely on Crush

City's payroll and GPS records to fill in all of the gaps in his memory and make his case

for him.  However, neither Crush City's GPS records—nor any other records held by Crush

City—indicate which employees drove which vehicles and when, which employees rode

in each vehicles and when, and further do not indicate what type of work was performed

by Plaintiff pre- or post-travel:

| Q: | So during this 90 to 100 day period, is there any point of that where you're claiming as part of this lawsuit that you weren't paid for time you should have been paid? |
|---|---|
| A: | It's possible. |
| Q: | How is it possible? |
| A: | I can't remember every day. I can't like recall every day, but its possible that we didn't get paid for drive time. |
| Q: | Do you have any records of when you drove during that 90 to 100 days? |
| A: | That I drove? |

16

| Q: | That you drove. |
|----|-----------------|
| A: | No, but there should be records for the van. I can't remember the van number either because they have GPS in every vehicle. |

Kappenman Decl. at ¶ 5, Ex. D ("Morgan Dep.") 92:20–25; *see also* Kappenman Decl. ¶ 3, Ex. B (sample of GPS records showing no indication of who drove the vehicle, rode in the vehicle, or any activities of vehicle members pre- or post-travel); Kappenman Decl. ¶ 11, Ex. J ("Lindus Dep.") at 97:8–10 (stating Crush City has no record of who was in each of Crush City's vehicles and when).  Indeed, Plaintiff has not identified even *one* specific instance of unpaid compensable driving time which occurred before or after he performed compensable work, or an estimation of his damages.

Where a Plaintiff must prove his case through his own testimony, his burden under Rule 56 require him to provide more than an offhand musing that "it's possible" he was not paid.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (concluding that a summary judgment determination "must be guided by the substantive evidentiary standards that apply to the case."); Kappenman Decl. at ¶ 5, Ex. D ("Morgan Dep.") 92:20–25.  Here, Plaintiff has entirely failed to present or prove a prima facie case for either of his FLSA claims.  Thus, Plaintiff's Motion for Partial Summary Judgment on his individual travel time claim should be denied.

### C. *Credibility Determination Necessary.*

When deciding a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]"  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).  The Seventh Circuit has noted that summary judgment should be denied where

17

"[t]he credibility of the movant's witness[] is challenged by the opposing party and specific bases for possible impeachment are shown[.]"  *Cameron v. Frances Slocum Bank & Trust Co.*, 824 F.2d 570, 575 (7th Cir. 1987) (citing 10A C. Wrig, A. Miller & M. Kane, Federal Prac. and Proced. § 2726, at 115–116 (2d ed. 1983)).  Where evidence exists which weighs against a movant's witness's credibility, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.*

Plaintiff possesses an extensive criminal record which includes convictions for witness intimidation, felony theft and felony burglary.  *See* Kappenman Decl. ¶ 5, Ex. D ("Morgan Dep.") at 16:3-16; 16:21-25; 17:1-8; 18:13-20:20.  Inconsistent statements, statements which are contradicted by other witnesses, and evidence of prior high-level offenses or offenses involving dishonesty are all relevant to a determination of a witness's credibility.  *See* Fed. R. Evid. 608.  Since Plaintiff has little documentation supporting his claims,[4] and a determination of whether and when Plaintiff performed compensable work depends largely on his own testimony, the material facts necessary to Plaintiff's FLSA claim cannot be resolved without first evaluating Plaintiff's credibility.  Given the

_____

[4] *See, e.g.,* Kappenman Decl. ¶ 5, Ex. D ("Morgan Dep.") 81:13-82:17 ("Q. Do you have any records of when you drove during that 90 to 100 days? A. That I drove? Q. That you drove. A. No, but there should be records for the van. I can't remember the van number either . . .").

extensive evidence which weighs against Plaintiff's credibility, as well as case law which directs that this evidence is to be believed, Plaintiff's claims must proceed to trial.

## II.   PARTIAL SUMMARY JUDGMENT FOR PROPOSED CLASSES IS NOT PROPER.

Plaintiff's attempt to move for summary judgment on behalf of two Classes, which have yet to be certified, is misguided for several reasons.  First, Plaintiff's Motion for Summary Judgment relies entirely on the argument that travel or commuting time is always compensable under the WWPCL.  It is not.  Second, Plaintiff's undisputed facts are insufficient to demonstrate liability on behalf of an entire Class of individuals.  And third, Plaintiff's Motion for Summary Judgment prior to class certification and the issuance of notice is untimely in light of the rule against one-way intervention.  Each of Plaintiff's miscalculations are addressed in turn below.

### A.     *Travel Time Not Presumptively Compensable Under WWPCL.*

Wisconsin's Wage Payment and Collection Law ("WWPCL") provides that employers must pay their employees "all wages earned by the employee" on (at least) a monthly basis.  Wis. Stat. § 109.03, subd. 1.  Wisconsin's Administrative Code in turn provides that all employees "must be paid for all time spent in 'physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer's business.'"  Wis. Admin. Code § DWD 272.12(1)(a)(1).  The Administrative Code lists specific fact-dependent scenarios for which work-related travel is compensable.  These scenarios, include but are not limited to: (1) when travel occurs during emergency work situations; (2) when travel occurs on a

19

special one-day assignment to another city when the employee regularly works at a fixed location; (3) when travel away from a home community occurs (but is not compensable where the employee foregoes public transportation and chooses to use private automobile); and (4) when an employee "is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and carry tools." *See* Wis. Admin. Code § DWD 272.12(2)(g)(2–7).   Outside of these limited circumstances, travel time is compensable only where a plaintiff-employee can prove that the employee performed a "principal activity" prior to traveling.   Wis. Admin. Code § DWD 272.12(1)(a)(2). "Principal activity" is circularly defined as "all activities which are an integral part of a principal activity."  Wis. Admin. Code § DWD 272.12(2)(e)(1).  The Wisconsin Supreme Court has summarized:

> [A]n employee's activity is compensable if it takes place during a workday (that is, it is part of the employee's principal activities, or is closely related and indispensable to them), it involves physical or mental exertion controlled or required by the employer, and it is necessarily and primarily done for the benefit of the employer's business.

*Kieninger v. Crown Equip. Corp*., 924 N.W.2d 172, 178 (Wis. 2019).  Pursuant to the omitted-case canon of statutory construction, "nothing is to be added to what the text states or reasonably implies."   *State v. Fitzgerald*, 929 N.W.2d 165, 177 (Wis. 2019)). Furthermore, pursuant to the negative implication cannon (*expression unius est exclusion alterius*), "a specific mention . . . of one or more matters is considered to exclude other matters of the same nature or class not expressly mentioned[.]"  *Goebel v. First Fed. Sav. & Loan Ass'n of Racine*, 266 N.W.2d 352, 355 (Wis. 1978).  Thus, this Court should not, and cannot, add specific instances where commuting or travel time is compensable outside

of those instances enumerated in Wis. Admin. Code § DWD 272.12(2)(g)(2–7). Wisconsin courts have closely adhered to the text of the WWPCL and Wisconsin's Administrative Code, strictly and narrowly construing the instances in which employees may be compensated for work-related travel or commuting time. *See, e.g., Kieninger v. Crown Equipment Corp*., 924 N.W.2d 172 (Wis. 2019) (under the facts present in that case declining to find that a plaintiff's loading of tools in a vehicle constitutes a "principal activity" or "indispensable to the performance of a principal activity" where plaintiff loaded tools into a company-owned vehicle and drove to defendant's jobsites).

Here Plaintiff's argument rests on the assumption that all travel time is automatically compensable under the WWPCL. In so arguing, Plaintiff attempts to impermissibly broaden the scope of what constitutes compensable travel under the WWPCL. Plaintiff's interpretation is not just unsupported by statutory and case law, it runs counter to the WWPCL, Wisconsin's Administrative Code, several court opinions, and more than one canon of statutory instruction. *See* Wis. Stat. § 109.03, subd. 1; Wis. Admin. Code § DWD 272.12(2)(g); *Kieninger v. Crown Equipment Corp*., 924 N.W.2d 172 (Wis. 2019) (finding that travel time is not presumptively compensable); *State v. Fitzgerald*, 929 N.W.2d 165, 177 (Wis. 2019) (explaining the omitted-case canon of statutory construction); *Goebel v. First Fed. Sav. & Loan Ass'n of Racine*, 266 N.W.2d 352, 355 (Wis. 1978) (explaining the negative implication canon).

Plaintiff lists several examples which Plaintiff claims "illustrat[es] the effect Defendant's unlawful Drive Time Policy as written and in practice had on its Technician Employees' recording of and, thus compensation for, travel time," without noting once

21

what type of work (if any) was performed pre-, post-, or during travel which would entitle these Technician Employees to be paid wages while commuting to and from Crush City's jobsites.  Pl.'s Brf. at 14–15.  Plaintiff's conclusory statements offer nothing to Plaintiff's summary judgment argument and does not prove Crush City has failed to pay its Technician Employees in accordance with the WWPCL.

### B.    Undisputed Facts Do Not Support Finding that Class Performed Compensable Work Which Would Entitle Plaintiff and the Class to Judgment as a Matter of Law.

The facts relied upon by Plaintiff to prove the WWPCL claims on behalf of the class are not, as claimed by Plaintiff, "incontrovertible," but disputed and contradicted by Plaintiff and putative class members.  As set forth in Defendant's Responses to Plaintiff's Proposed Findings of Fact, ECF No. 73, Crush City disputes the following proposed findings: (1) Crush City maintained and enforced a cohesive drive time policy, written or otherwise, which violated the WWPCL; (2) encouraged employees not to report otherwise compensable drive time; (3) any policy applied "uniformly" to all Crush City Technician Employees; and (4) Crush City's employees routinely performed pre- or post-travel compensable work, or compensable work while traveling, which would entitle them to pay commuting to Crush City's jobsites under the WWPCL.  *See generally* Defendant's Response to Plaintiff's Proposed Findings of Fact, ECF No. 73.

What *is* clear from the record thus far is that Crush City's Technician Employees used various methods of transportation: (1) driving to job sites in their personal vehicles; (2) being picked up by other Technician Employees from jail; (3) being picked up by other Technician Employees from home; (4) being picked up by other Technician Employees

22

from a rideshare location.[5]   Furthermore, the job duties performed by Crush City's employees, including pre- and post-travel job duties, varied based by the employee's division, crew, job, and day of the week.[6]  And finally, Crush City's Technician Employees testified they were paid for drive time under circumstances where drive time was compensable.[7]  Given the fact-specific nature of the travel time inquiry under the WWPCL, as well as the wide range of travel patterns and job duties evident from the record, it is impossible to make out a discernable class let alone prove as a matter of law that the class is owed wages under the WWPCL.

As with Plaintiff's FLSA travel time claim, Plaintiff has failed to identify any instances where Plaintiff and Class members were not compensated for travel time after, before, or while performing compensable work, and has certainly failed to prove generally that travel time in and of itself was a "principal activity" for which Plaintiff and Class

---

[5] Kappenman Decl. ¶ 9, Ex. H ("Pressley Dep.") at 13:22–24, 15:4–10, 15:11–15; Kappenman Decl. ¶ 8, Ex. G ("Miller Dep.") at 40:21–41; Kappenman Decl. ¶ 6, Ex. E ("Chelberg Dep.") at 25:21-26:7; Kappenman Decl. ¶ 5, Ex. D ("Morgan Dep.") at 21:11–20, 104:7–15; Kappenman Decl. ¶ 12, Ex. K ("Larson Dep.") at 79:1–5.

[6] Kappenman Decl. ¶ 5, Ex. D ("Morgan Dep.") at 78:4, 89:1–14, 101:3–5; Kappenman Decl. ¶ 6, Ex. E ("Chelberg Dep.") at 19:14–18, 23:7–23; Kappenman Decl. ¶ 7, Ex. F ("Davis Dep.") at 19:6–16, 30:3–25; Kappenman Decl. ¶ 8, Ex. G ("Miller Dep.") at 35:3–14, 51:13–25; Kappenman Decl. ¶ 9, Ex. H ("Pressley Dep.") at 15:21, 27:16–22; Kappenman Decl.  ¶ 10, Ex. I ("Smith Dep.") at 18:11-16, 22:11-23:12, 94:22-95:12.

[7] Kappenman Decl. at ¶ 7, Ex. F ("Davis Dep.") at 24:9–13, 25:2–6; Kappenman Decl. at ¶ 6, Ex. E ("Chelberg Dep.") at 23:13–25; Kappenman Decl. at ¶ 10, Ex. I ("Smith Dep.") at 53:8–24.

23

members were owed compensation as a matter of law.   What's more, no records exist that can show which Class members drove to which jobsite and when; thus, liability and damages for the Travel Time Class can be proven only with testimony from each Class member.  *See supra* Part I.B.  And finally, as with Plaintiff's FLSA travel time claim, credibility determinations for each member offering testimony may be necessary given Class members' prior testimony and criminal records.    Kappenman Decl. ¶ 10, Ex. I ("Smith Dep") 8:6-14:6 (testifying to criminal record).  Here, Plaintiff has failed to meet his weighty burden to prove undisputed facts exist which entitle the putative Travel Time Class to wages as a matter of law, and his Motion for Partial Summary Judgment on behalf of the Travel Time Class must be denied.

### C. *Plaintiff Falls Short of Meeting His Burden of Proof Regarding Non-Discretionary Compensation Owed to the Class.*

The WWPCL provides that employers must compensate employees overtime compensation at a rate of "1.5 times an employee's regular rate of pay" for all hours worked in excess of forty (40) in one workweek.  Wis. Stat. § 103.025(1)(c); Wis. Admin. Code § DWD 274.03.  No Wisconsin statutory, administrative, or case law directs that an employee's "regular rate of pay" must include non-discretionary bonuses.  *See Kuhnert v. Advanced Laser Machining, Inc.*, 794 N.W.2d 805, 809‒10 (Wis. Ct. App. 2011) ("[Plaintiff] admits that neither the statutes nor the administrative code define 'regular rate of pay' or the appropriate method for calculating it.").

Here Plaintiff argues that the putative Non-Discretionary Compensation Class is entitled to judgment as a matter of law on their WWPCL claims despite presenting no law

(statutory or otherwise) which indicates bonuses must be taken into account when calculating an employee's overtime pay.  Nor does Plaintiff offer evidence that there are Class members who have yet to receive compensation for overtime wages owed due to Crush City's alleged failure to include non-discretionary bonuses in calculations of Plaintiff's regular and overtime rates of pay.  In fact, Plaintiff **admits** that Crush City provided Technician Employees with compensation for overtime wages not paid as a result of any alleged failure by Crush City to include non-discretionary bonuses in calculating its employees' regular and overtime rates of pay, while also failing to note that this compensation was to ensure Crush City's compliance with federal—not state—law:

> Defendant attempted to "correct" its unlawful conduct by calculating overtime wages owed to its Technician Employees to whom it paid such non-discretionary bonuses dating back to January 1, 2018 . . . Defendant then issued letters and checks to all such impacted Technician Employees . . . Defendant's "corrections" and recalculations of overtime wages owed included performance bonuses paid to its Technician Employees in its Siding, Decking, and Windows and Doors departments, as well as the twenty-five dollar ($25.00) installation bonus paid to its Technician Employees in its Roofing department.

Pl.'s Brf. at 44.

Where a plaintiff moves for summary judgment under Fed. R. Civ. P. 56, as to claims he alleged, the plaintiff bears the burden of showing there is no issue of material fact as to facts which could prove each element of his (or here, the Class's) case.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Plaintiff has presented no law, undisputed facts, or evidence, which indicates that any putative member of the Non-Discretionary Compensation Class is owed compensation under the WWPCL for Crush City's alleged failure to include non-discretionary bonuses when calculating its

employees' regular and overtime rate of pay.  Nor has Plaintiff presented any facts which, if undisputed, would prove that Crush City's employees have not received all overtime wages owed by Crush City.  Plaintiff has failed to meet his Rule 56 burden.  Thus, summary judgment as to liability is simply not possible with respect to the WWPCL claims brought Plaintiff on behalf of the Non-Discretionary Compensation Class.

### D. Plaintiff's Motion for Partial Summary Judgment is Improper in Light of Plaintiff's Pending Motion for Class Certification.

It is well-settled in class action litigation that a motion for summary judgment is incompatible with a simultaneous motion for class certification pursuant to Fed. R. Civ. P. 23.  *See* Fed. R. Civ. P. 23(c)(1)(C) (providing that "[a]n order that grants or denies class certification may be altered or amended before final judgment."); *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).  This is due, in large part, to the prohibition against one-way intervention in Rule 23 class action cases.  The rule against one-way intervention prevents plaintiffs from seeking a judgment prior to certification and distribution of notice on the grounds that it is unfair to allow class members to opportunistically base their decision to remain or opt-out of a class based on judgments which allow class members to gauge whether participation in the class is "favorable to their interests."  *American Pipe,* 414 U.S. at 547.  As explained by the United States Supreme Court:

> A recurrent source of abuse under the former Rule [23] lay in the potential that members of the claimed class could in some situations await developments in the trial or even final judgment on the merits in order to determine whether participation would be **favorable to their interests**. If the evidence at the trial made their prospective position as actual class members appear weak, or if a judgment precluded the possibility of a favorable determination, such putative members of the class who chose not to intervene or join as parties would not be bound by the judgment.

26

*Id.* (emphasis added).

While a court is not precluded from ruling on a dispositive motion until a class is certified and notice distributed, a court is precluded from certifying a class after "acquiring a favorable ruling on the merits of a claim."  *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1958 (7th Cir. 2016).  In light of the rule, some courts have abstained from issuing a ruling on a plaintiff's dispositive motion before certification.  *See Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015) (finding plaintiff's motion for summary judgment "must be denied" in light of the one-way intervention rule); *Koehler v. USAA Casualty Ins. Co.*, No. 19-715, 2019 WL 4447623 (E.D. Pa. Sept. 17, 2019) (same); *Centeno v. Quigley*, No. C14-200, 2015 WL 432537 (W.D. Wash. Feb. 2, 2015) (same).  Thus, the Court may dismiss Plaintiff's Motion for Summary Judgment wholesale in light of Plaintiff's pending Motion for Certification.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment as to Crush City's liability for violations of the FLSA against Plaintiff's personally, and violations of the WWPCL against Plaintiff and uncertified putative Class members, must be denied.

Dated: October 2, 2020                By: s/Martin D. Kappenman
                                                  Thomas R. Revnew (#1023265)
                                                  Martin D. Kappenman (MN #320596) Pro Hac Vice
                                                  PETERS & REVNEW, KAPPENMAN & ANDERSON, P.A.
                                                  7300 Metro Boulevard, Suite 500
                                                  Minneapolis, MN 55439

Telephone: (952) 896-1700
Facsimile: (952) 896-1704
trevnew@prkalaw.com
mkappenman@prkalaw.com

ATTORNEYS FOR DEFENDANT, CRUSH
CITY CONSTRUCTION, LLC