IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ZACHARY MORGAN, REED
CHELBERG, CODY LEE, RYAN
MILLER, AUSTIN NELSON,
JORDAN PETERSON, and
HUNTER SMITH

        Plaintiffs,       OPINION AND ORDER

 v.

                           19-cv-27-wmc

CRUSH CITY CONSTRUCTION, LLC,

        Defendant.

---

  Plaintiffs Zachary Morgan, Reed Chelberg, Cody Lee, Ryan Miller, Austin Nelson, Jordan Peterson, and Hunter Smith asserted wage and hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") against their former employer, defendant Crush City Construction, LLC. After denying plaintiffs' motion for class certification, the court granted in part and denied in part the plaintiffs' motions for partial summary judgment. (07/14/2022 Op. & Order (dkt. #86) 18-19.) Plaintiffs decided to move forward with their individual claims rather than a class action and the parties have since filed a joint motion to approve the parties' settlement (dkt. #89) under FLSA.

  To avoid a challenge to the validity of a settlement of FLSA claims, either approval by a court or the Department of Labor is required. *See Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transaction about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements

of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages."). In approving a settlement, the court must determine whether the settlement's terms and conditions represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and reflect a "compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

Plaintiffs pursued their FLSA claims based on defendant's alleged failure to (1) compensate workers for travel time between defendant's shop and jobsites, and (2) include non-discretionary bonuses in employees' rate of pay when calculating overtime. (07/14/2022 Op. & Order (dkt. #86) 11, 13-14.)

Under the settlement agreement, each plaintiff will receive the following payments:

(1) Reed Chelberg will receive $1450 of overtime wages and $1450 of liquidated damages;
(2) Cody Lee will receive $2650 of overtime wages and $2650 of liquidated damages;
(3) Ryan Miller will receive $1350 of overtime wages and $1350 of liquidated damages;
(4) Austin Nelson will receive $600 of overtime wages and $600 of liquidated damages;
(5) Jordan Peterson will receive $750 of overtime wages and $750 of liquidated damages;
(6) Hunter Smith will receive $1200 of overtime wages and $1200 of liquidated damages;
(7) Zachary Morgan will receive $5000 of overtime wages and $5000 of liquidated damages.

Additionally, plaintiffs' counsel, Walcheske & Luzi, LLC, will receive $94,000 for attorney fees and costs. (Joint Motion, Ex. #1 (dkt. #89-1) 2-3.) In return, the plaintiffs will agree to dismiss the litigation and release all claims. (Id. 4.)

2

Given the mixed success each side has had throughout litigation thus far, both parties would be taking on risk with further litigation. For instance, plaintiffs were granted summary judgment on one of their FLSA arguments, but were also denied class certification. (07/14/2022 Op. & Order (dkt. #86) 1.) Plaintiffs will also fully recover under this settlement, as "the individual plaintiffs are receiving individually negotiated amounts representative of the amounts our expert determined they could potentially recover if completely successful in the litigation." (Walcheske Decl. (dkt. #90) ¶ 4.) While the fact that plaintiffs' counsel will receive a greater amount than the total recovery for plaintiffs, the court's concern is somewhat assuaged by the fact that plaintiffs have received their maximum recovery.

Based on the court's review of the settlement agreement, coupled with its previous consideration of plaintiffs' FLSA claims at summary judgment, the court concludes that the settlement of plaintiffs' FLSA claims is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" and that it reflects a "compromise of disputed issues." Accordingly, IT IS ORDERED that the parties' joint motion to approve settlement agreement (dkt. #89) is GRANTED.

Entered this 8th day of February, 2023.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        WILLIAM M. CONLEY
                                        District Judge